860

No. 31,466

Frank B. Ward, *Appellee*, v. S. H. Kress & Company, William B. Bastien and Earl H. Wischer, *Appellants*.

(28 P. 2d 983.)

Opinion filed January 27, 1934.

*W. A. Ayres, Austin M. Cowan, Charles A. McCorkle, J. D. Fair, W. A. Kahrs* and *Robert H. Nelson,* all of Wichita, for the appellants.

*Chester I. Long, W. E. Stanley, Claude I. Depew, William C. Hook* and *Albert P. Blase,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This is an action by Frank B. Ward against the appellants to recover damages for false arrest. A jury found that he was entitled to damages to the extent of $600, and judgment was entered for that amount. Defendants appeal.

The plaintiff was a carpenter by trade, was thirty-nine years of age and had been in the United States army, and was drawing veteran's compensation. On the evening of November 21, 1931, he and a companion had come down on the street and had been listening to the Salvation Army at a corner. It began to rain, and he and his companion went across the street to the store of S. H. Kress & Co., and were standing near the door talking when the police came up and interviewed plaintiff. He had been pointed out by one of those acting for the company, and Bastien, the manager, came up and told the officer to take him down, "He looks like a snake [sneak] and a crook." He was arrested by Sweet, the policeman, and held in the jail for a day and a half, until Monday, the 23d of November, 1931. No one appearing to prosecute, he was then discharged. The general verdict was against all of the defendants, and with it the jury returned answers to special questions that had been submitted as follows:

"1. Was the defendant Bastien present at the time and place officer Sweet questioned the plaintiff on the evening of November 21, 1931? A. Yes.

"2. Was the defendant Wischer present at the time and place officer Sweet questioned the plaintiff on the evening of November 21, 1931? A. Yes.

"3. Was the plaintiff loafing or loitering in the defendant company's store on the evening in question? A. No.

"4. If you answer the foregoing question in the negative, then state what the plaintiff was doing in the defendant company's store on the evening of November 21, 1931. A. Standing in out of the rain.

"5. If you find in favor of the plaintiff, then state how much you allow, if any, for (a) actual damages, $300; (b) punitive damages, $300."

Defendants complain of the overruling of their demurrer to plaintiff's evidence, that the findings and verdict were not sustained by the evidence, and further that there was error in the instructions. The complaint as to the sufficiency of the evidence and as to defendants' demurrer to evidence, as well as to the findings and verdict, arose mainly through plaintiff's speaking of the defendant, Bastien, the general manager of the S. H. Kress & Company, as a floor walker of the store. He stated that he had seen Bastien acting in the manner of a floor manager in the store, but there was no mistake in the identity of Bastien, as the plaintiff at the trial pointed out Bastien as the one who directed the arrest. Bastien, it appears, was wearing a blue suit of clothes, while defendant Wischer, the floor walker, was wearing a gray suit. The witness stated that it was the man in the blue suit, indicating Bastien, that had told the officer that plaintiff was a sneak and a crook, and to take him down. It appears that it was Wischer, the man in the gray suit, who called the attention of the police officer to the fact that plaintiff was in the store and requested the officer to investigate plaintiff. Wischer testified that Bastien requested him to have the officer investigate plaintiff, and on his request pointed out plaintiff to the officer, and further that he was present when the officer questioned plaintiff. When the interview was in progress the testimony is that Bastien, the manager, came along and directed the arrest in the manner stated.

There is no real trouble as to the identity of Bastien, the manager, or Wischer, the floor walker; each of them was definitely pointed out at the trial. Bastien admitted he was the manager, and Wischer said that a part of his duties was floor walking, and that he called the attention of the police officer to plaintiff with the request that he interview and investigate plaintiff.

In his testimony Bastien denied that he ordered the arrest of plaintiff, but the evidence in the case was to the contrary, and that conflict in the evidence has been settled by the jury in favor of plaintiff.

It is said that Bastien had a right, as a citizen, to have an officer make an investigation, and that evidently the officer arrested the plaintiff on his own judgment after making the investigation. It is contended that a citizen acting in good faith has the right to request an officer to investigate supposed violators of the law, or of grounds for arrest, and where the officer, after making investigation, on his own judgment makes an arrest, the party requesting the investigation would not be responsible for such arrest. Here, however, Bastien did more than that. He directed the arrest, and it was at once made by the officer. The part taken by the two employees of the company in securing an arrest, and the holding of plaintiff in prison from Saturday evening until the following Monday morning, was sufficiently shown by the evidence, and the motions of defendants were rightly overruled.

The challenged instructions appear to be fair enough toward the defendants. In one of them it was said:

"You are further instructed that when a person in good faith, acting as a reasonable, cautious and prudent man under the circumstances upon the information which he has received, believes that the actions of a person are suspicious, he has a right to inform the police of the fact and of his belief so formed, and if in doing so he acts without any malice or sinister motive, he is not responsible for any arrest which may follow, made by the police authorities acting upon their own volition although based in whole or in part upon the information that he may have given such police authorities, unless you find that such person actually directed the police officer to make the arrest."

Some complaint is made about the amount of the verdict, but in view of the arrest and imprisonment, and under the evidence, it cannot be regarded as excessive.

The judgment is affirmed.

HUTCHISON, J., not sitting.